TaxiIAPErro, J.
We learn from the record in this case that, in the month of May, 1862, the mayor and selectmen of the town of Plaque-mine, under the apprehension that the town would sooh be taken by Federal forces, deemed it a'matter of prudence and precaution to destroy all the intoxicating liquors in the place, to avoid their falling into the hands of the soldiery, who, under the baneful influence of drunkenness, might commit acts of violence and outrage. To this end, squads of men went through the town and accomplished this purpose, by emptying of their contents barrels, bottles, and whatever else they found that contained ardent spirits. It seems that an estimate was made at the time of the quantity of liquors destroyed, in reference to future compensation to bo made to the owners. Several individuals afterwards received paymept for their losses, although it was not in every case satisfactory.
*75 The plaintiff in this suit was a loser by the prudential act of the town council, whose estimate of the damage-he had received he was unable to concur in. He therefore instituted this suit, claiming three hundred and fifty-nine dollars, which he alleges to be the value of the liquors destroyed, and twenty-seven -dollars and sixty-one cents, the amount due him by the corporation for articles of merchandise furnished it'on account. He prays judgment for the aggregate sum of three hundred and seventy-six dollars and sixty-one cents, with five per cent, interest thereon from the 1st of May, 1862.
The answer is a general denial. The case was tried twice, and each time by a jury. In the first instance tbe jury disagreed ; in the last, a verdict was rendered in favor of plaintiffs for ninety dollars. "The plaintiff has appealed.
We are unable to see the ground upon which this judgment was rendered. The liability of the corporation was clearly established beyond any doubt. The town council admitted this, but assumed to fix the amount of its own indebtedness ; and the jury seems to have sustained the council in the course it pursued. The plaintiffs’ account was fully proved. Two or three witnesses testified that eighty-nine gallons of whiskey belonging to the plaintiffs were destroyed, and that whiskey, at the time, was selling at from §8 50 to per gallon. One witness swore that from twenty-five to forty bottles of whiskey and cordials were also destroyed at the same time, and that the plaintiffs’ charge for twenty-seven bottles of cordials is correct. The additional small account, for nails and other articles, was admitted. No proof of any kind whatever was adduced to show that the plaintiffs’ account, or any part of it, is incorrect.
It is the province of a jury to find the facts of a case.; but-the finding must be upon evidence. In this case the evidence has been entirely disregarded, and the jury seem to have acted as a kind of amicable compounders. Law and equity require a reversal of tbe judgment.
It is therefore ordered, adjudged and decreed, that the judgment, of the District Court be annulled, avoided and reversed; it is further ordered, that the plaintiffs recover from the defendants, in their corporate capacity, the sum of three hundred and seventy-six dollars and sixty-one cents, with five per cent, interest thereon, from the - first day of May, 1862, until paid, and costs of suit in both courts.
Labauve, J. recused.